# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Case No. 11-cr-00129-DME

UNITED STATES OF AMERICA,

        Plaintiff,

v.

GREGORY E. WHITE, and
MARY L. WHITE,

        Defendants.

## ORDER SETTING TRIAL DATES AND DEADLINES

This matter is before the Court following a hearing on June 20, 2011. To ensure that all pre-trial phases of the case are complete before the commencement of the jury trial,

**IT IS HEREBY ORDERED:**

This Order may not be modified by agreement of the parties. Upon timely application, however, either or both parties may seek modification as may be necessary to meet a *bona fide* emergency, to avoid irreparable injury or harm, or as may otherwise be necessary to do substantial justice.

### A. TRIAL AND TRIAL PREPARATION SETTINGS

The Trial Preparation Conference scheduled for June 30, 2011, and the jury trial scheduled to commence July 11, 2011, are VACATED. The Defendants' Motion for Continuance of Pretrial Hearing and Trial Motion to Enlarge Time to Provide Reciprocal Discovery and Motion for Leave to File Out of Time (Doc. 28) is GRANTED in part and DENIED in part.

The Court being fully advised of the premises in the motion for a continuance finds that the ends of justice are served by the continuance of trial and outweighs the interests of the public and the defendants in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A). This case is so unusual and complex that it is unreasonable to expect adequate preparation for trial within the time limits established by the Speedy Trial Act. Id. § 3161(h)(7)(B)(ii). Specifically, this is a complex tax case involving two defendants. While the number of defendants is not as great as other multi-defendant cases, both sides will need time to determine each defendant's culpability under and knowledge of intricate tax laws.

Further, denying this continuance would deny counsel for the defendants the reasonable time necessary for effective preparation. Id. § 3161(h)(7)(B)(iv). Specifically, the number of documents to review has grown from 1,500 to between 6,000 and 8,000 pages. Those documents include information concerning detailed tax matters that will take counsel for both sides time to comprehend in the detail needed for trial. Further, trial preparation up to this time has been hampered by the unexpected serious illness of lead counsel for the defendants. Additionally, a continuance will allow the parties time to conduct informed plea negotiations.

Therefore, this Court excludes an additional sixty (60) days from the Speedy Trial calculation. This continuance is sufficient but not greater than necessary to get all the parties ready for trial.

This matter has been rescheduled for a **four-day jury trial** on the docket of Judge David M. Ebel, to occur in the Byron G. Rogers U.S. District Courthouse, Courtroom C202, 2d Floor, 1929 Stout Street, Denver, Colorado, to commence on **September 26, 2011, at 8:30 a.m.** The Final Trial Preparation Conference is set for a one hour hearing on **September 19, 2011, at**

**10:00 a.m.**  The parties are expected to be fully prepared for trial at that time.  Lead counsel who will try the case shall attend.

### B.  MOTIONS DEADLINES

The motions deadlines have passed.

### C.  PLEA AGREEMENTS

Local Rule D.C.COLO.LCrR 11.1 is applicable in this matter.  A Notice of Disposition shall be filed **no later than 14 days** before the above stated trial date.

### D.  TRIAL PREPARATION REQUIREMENTS

By 3:00 p.m. on September 14, 2011, the parties shall submit via email to Ebel_Chambers@ca10.uscourts.gov the following documents:

(1)     a witness list, containing names, addresses, and estimated length of time for testimony;

(2)     an exhibit list, with stipulations for authenticity except on those exhibits noted;

(3)     a list of stipulated jury instructions plus any other disputed jury instruction tendered by either side;

(4)     proposed *voir dire* questions to be asked by the court; and

(5)     a certification that the parties have met in an effort to settle the litigation.

**1. Conflicts in Scheduling**.  Continuances of the trial will be granted only in truly exceptional circumstances.

**2. Jury Instructions.**  Counsel should confer as to the required jury instructions prior to submission to avoid duplication.  Jury instructions can be submitted pursuant to my memo

regarding instructions found on the District of Colorado website. All proposed instructions shall be submitted via email to Ebel_Chambers@ca10.uscourts.gov.

      **3. Witness List.** At the Final Trial Preparation Conference, the parties shall also submit an original and three copies of the final Witness List (form available at www.co.uscourts.gov) to the court and one copy to the other party, unless previously provided. Please be sure that first and last names are spelled correctly (using capital letters only for proper names) and that any changes in names have been noted, as one copy will be available to the court reporter to avoid the necessity of asking for the spelling of the witness' name.

      **4. Exhibit List.** At conference, the parties shall also submit an original plus three copies of the final Exhibit List (form available at www.co.uscourts.gov) to the Court and one copy to the other party, unless previously provided.

      If exhibits are to be presented by CD, they shall be labeled thereon. If they are to be presented in hard copy, labels should be affixed prior to trial. Exhibit Labels shall be used by both parties, and may be obtained from the Clerk's Office in Room A105 of the Alfred A. Arraj Courthouse. The Plaintiff's exhibits should be marked with the yellow labels and designated as P-1, P-2, P-3 . . . . The Defendants' exhibits shall be marked with the blue labels and designated as D-1, D-2, D-3 . . . . The criminal action number shall also be placed on each of the exhibit stickers. All paper exhibits shall be bound, such as in three-ring notebooks or folders (pages should be easily moveable and in no event should the notebook be bigger than a 3-inch notebook), and the notebook or folder labeled with the following information: (i) caption, (ii) scheduled date and time, (iii) party's name and designation and (iv) "original" or "copy," and delivered to the courtroom deputy clerk on the first day of trial. Demonstrative exhibits,

documents used to refresh memory, and written Stipulations of Fact shall also be marked as exhibits.

**5. Terminology.** At the Final Trial Preparation Conference, parties shall also submit an original and three copies of a glossary of any unusual or technical terminology. The glossary should also include names of persons who will be mentioned during the course of trial but are not parties to the litigation. Capitalize proper names only.

**6. Video and Special Equipment.** If you intend to use electronic equipment, advise the courtroom deputy clerk **no later than two weeks** before trial.

**7. Trial Briefs.** Please advise the Court at the Final Trial Preparation Conference if you wish to file trial briefs, which may not be filed unless authorized by the Court. Briefs requested shall be filed on a date set by the Court. Unless otherwise specified, trial briefs shall be limited to 10 pages.

**8. Issues to be addressed at the Final Trial Preparation Conference.** The parties shall be prepared to address the following issues:

1) jury selection, including the need for a special jury panel and whether the parties desire the use of a jury questionnaire;

2) sequestration of witnesses;

3) presentation of exhibits to the jury;

4) timing of presentation of witnesses and evidence;

5) anticipated evidentiary issues (need for scheduling of hearings outside the presence of the jury);

6) any stipulations as to fact or law; and

7) any other issue affecting the duration or course of the trial.

DATED: June  29 , 2011.

                                            BY THE COURT:

                                            *s/ David M. Ebel*

                                            David M. Ebel
                                            United States Circuit Judge